(C.D. 4262)

THE HARRIS CALORIFIC COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 30, 1971)

*Allerton deC. Tompkins* for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General (*Harold L. Grossman,* trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: At issue in this case is the proper tariff classification of an instrument imported from England known as a Wright Respirometer. The instrument is a light weight, compact, small volume meter designed to measure the total volume of gas passing through it but not the rate of flow or velocity of the gas.

The respirometers were classified by the government as flowmeters under item 711.82 of the tariff schedules and assessed duty of $2.25 each plus 35 percent.

Plaintiff contends that this classification and assessment are erroneous and claims alternatively that the respirometers are properly classifiable (1) under item 711.84, as other instruments for measuring the flow or other variables of gas, dutiable at 14 percent; or (2) under item 709.06 as anesthetic instruments, dutiable at 19 percent; or (3) under item 711.98 as counters, similar to revolution counters, produc-

tion counters, etc., dutiable at 10 percent; or (4) under item 678.50 as machines not specially provided for, dutiable at 10 percent.

At the outset, lexicographic authorities and the evidence adduced at trial establish without dispute that flowmeters are instruments which indicate the rate of flow of liquids or gases in volume or weight per unit of time, and are used for measurement of flow through open channels. Against this background, defendant acknowledges—and the record so demonstrates—that the imported respirometers are *not* flowmeters and accordingly concedes that its classification under item 711.82 is erroneous.

In addition, defendant contends that the respirometers are—in accordance with the second of plaintiff's alternative claims—properly classifiable under item 709.06 as anesthetic instruments, dutiable at 19 percent. Plaintiff agrees that the respirometers are anesthetic instruments and the record establishes that the articles are indeed such instruments since it shows that they are chiefly used by anesthesiologists in connection with the administration of general anesthesia to patients undergoing surgery, are necessary equipment for the anesthesiologist in the practice of his profession, and are part of the anesthetic technique. See *American Rusch Corp.* v. *United States*, 65 Cust. Ct. 410, C.D. 4115 (1970).

The record shows further that volume is a variable of gas; hence the imported respirometers fall not only within the purview of item 709.06 as anesthetic instruments, but also within the purview of item 711.84 as instruments for measuring a variable of gas. In this context, plaintiff argues that the provision in item 711.84 for instruments for measuring a variable of gas is more specific than the provision in item 709.06 for anesthetic instruments and that the respirometers should therefore be classified under item 711.84 with a duty rate of 14 percent.[1] Defendant argues to the contrary that item 709.06 (with a duty rate of 19 percent) is the more specific provision and thus controlling.

On this aspect, it is to be noted that by virtue of general headnote 10(c) of the tariff schedules, "[r]elative specificity is now made an express part of the legislation * * * [and] if an article is determined to be clearly described in two or more items, selection of the controlling item by relative specificity is mandatory and takes precedence over other judge-evolved methods of resolving ambiguity * * *." *F. L. Smidth & Company* v. *United States*, 56 CCPA 77, 84–85, C.A.D. 958 (1969). It is also to be observed that where there are two or more competing provisions which describe an article for tariff purposes, the

---

[1] Plaintiff points out in its brief that with respect to its third and fourth alternative claims, the respirometers would be classifiable under item 711.98 as counters or under item 678.50 as machines not specially provided for only if they are not specifically provided for in item 711.84 or item 709.06.

one that is more definite and that "provides for the article with the greatest degree of accuracy and certainty is the more specific provision." *United States, etc.* v. *Simon Saw & Steel Company*, 51 CCPA 33, 40–41, C.A.D. 834 (1964). Put otherwise, in determining the relative specificity of competing provisions, the one having the requirements which are the more difficult to satisfy is the more specific. *Ibid.* See also, e.g., *Arthur J. Humphreys* v. *United States*, 56 CCPA 67, 69, C.A.D. 956 (1969).

Measured by these standards, we think it clear that the provision for anesthetic instruments is more difficult to satisfy than the provision covering instruments for measuring other variables of gas. For the class of articles which comprises anesthetic instruments is one in which the articles are chiefly used for the limited and narrow purpose of aiding the anesthetic procedure. On the other hand, the provision for instruments for measuring variables of gas consists of a much broader group of articles, the uses of which are wide and varied. For example, a meter which measures a particular variable of gas can be put to various uses in many fields including the field of anesthesiology. And it is only when such an instrument is chiefly used for anesthesia that it could be classified as an anesthetic instrument. In short, the provision for anesthetic instruments is not only more difficult to satisfy than the provision for measuring variables of gas, it more specifically and accurately describes the imported respirometers.[2]

Finally, the plaintiff argues that the importations are classifiable under item 711.84 rather than item 709.06 because of headnote 1, subpart D, part 2 of schedule 7 which reads:

> 1. The provisions of this subpart covered by items 711.00 to 711.88, inclusive, do not apply to electrical measuring, checking, analyzing, or automatically-controlling instruments or apparatus, as defined in headnote 2 below.

According to plaintiff, this headnote is indicative of a congressional intent to have *non-electrical* measuring instruments covered by item 711.84 classified under that provision rather than under other provisions which might also cover such instruments. We find no merit in the argument. In the first place, the doctrine of relative specificity, as we have seen, takes precedence over other judicial methods of resolving ambiguity. E.g., *F. L. Smidth & Company* v. *United States, supra*, 56 CCPA 85. Second, the following language in general headnote 10(g) specifically provides that headnotes cannot be used to determine matters of specificity in the manner suggested by plaintiff:

> (g) a headnote provision which enumerates articles not included in a schedule, part, or subpart is not necessarily exhaustive,

---

[2] Even if it were assumed that the two competing provisions were "equally applicable," general headnote 10(d) would require that the provision carrying the higher rate of duty prevail—which in this case would be the provision for anesthetic instruments.

and the absence of a particular article from such headnote provision shall not be given weight in determining the relative specificity in competing provisions which describe such article;

Based on the foregoing, we hold that the imported respirometers were erroneously classified as flowmeters under item 711.82 and are properly classifiable as anesthetic instruments under item 709.06. Judgment will be entered accordingly.